Glenn R. Kantor, State Bar No.: 122643
E-Mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
TESSA RAISIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSA RAISIN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>AETNA LIFE INSURANCE COMPANY;<br><br>　　　　　Defendant. | CASE NO: 2:15-cv-8619<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

　　　Plaintiff, TESSA RAISIN, herein sets forth the allegations of her Complaint against Defendant AETNA LIFE INSURANCE COMPANY ("Aetna").

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the fully insured long term disability plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and postjudgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was, at all times relevant, an employee of Drinker Biddle & Reath LLP ("Drinker"), and a resident in the County of Los Angeles, State of California.

3. Plaintiff is informed and believes that Defendant Aetna is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Central District of California, and can be found in the Central District of California. Aetna is the insurer of long-term disability ("LTD') benefits under the Long Term Disability Plan established by Drinker Biddle (the Drinker Plan"), as well as the LTD claims administrator. Aetna administered the claim, interpreted Plan terms, and issued a claim denial, all while operating under a conflict of interest, and the bias this created adversely affected the claim determination.

4. The Plan provided LTD insurance coverage to its employees, including Plaintiff, via Group Policy Number GP-473412-GI (the "Policy") insured by Aetna.

5. Plaintiff is informed and believes that the Plan is an employee welfare

benefit plan regulated by ERISA, established by Drinker, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to LTD benefits. Pursuant to the terms and conditions of the Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains eligible to receive benefits as required under the terms of the Plan. The Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

6. Defendant can be found in this judicial district and the Drinker Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

## FIRST CLAIM FOR RELIEF
## AGAINST AETNA LIFE INSURANCE COMPANY
## FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS
## (29 U.S.C. § 1132(a)(1)(B))

7. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, Plaintiff was employed by Drinker, and was a covered participant under the terms and conditions of the Drinker Plan, which is insured and administered by Aetna.

9. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Plan. Specifically, while Plaintiff was covered under the Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the Plan.

10. Pursuant to the terms of the Plan, Plaintiff made a claim to Aetna for LTD benefits under the Plan. By letter dated February 17, 2015, Aetna denied

Plaintiff's claim stating she was not covered by the Plan at the time her claimed period of disability commenced.

11. With the assistance of counsel, Plaintiff timely submitted an in-depth appeal letter which explained, in great detail, that Aetna had ignored its own Policy language and improperly denied Plaintiff's claim. Despite overwhelming evidence of a covered LTD claim, in a letter dated October 20, 2015, Aetna informed Plaintiff that it was upholding its original decision to deny her LTD claim. Aetna's denial letter failed in any material way to address the legal and factual contentions supporting Plaintiff's disability claim. Aetna advised Plaintiff that her appeal rights were exhausted and she could bring legal action under ERISA.

12. Defendant breached the Plan and violated ERISA in the following respects:

(a) By failing to pay LTD benefit payments to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Defendant had such knowledge, Aetna denied Plaintiff's LTD benefits;

(b) By failing to provide a reasonable explanation of the basis relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(c) By failing to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary after Plaintiff's claim was denied;

(d) By failing to properly and adequately investigate the merits of Plaintiff's LTD claim and failed to provide a full and fair review of Plaintiff's claim.

13. Plaintiff is informed and believes and thereon alleges that Defendant

wrongfully denied her disability benefits under the Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

14. Following the denial of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

15. As a proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

16. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

17. The wrongful conduct of Defendant has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the terms of the Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due Plaintiff as of the date of Judgment;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4. Payment of prejudgment and postjudgment interest as allowed for

1  under ERISA; and

2      5.    Such other and further relief as this Court deems just and proper.

4  DATED:    November 4, 2015      KANTOR & KANTOR, LLP

6                                           By  /s/ Glenn R. Kantor
                                                 Glenn R. Kantor
                                                 Attorneys for Plaintiff
                                                 TESSA RAISIN

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525